# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
### (MARSHALL DIVISION)

| | | |
|---|---|---|
| DE TECHNOLOGIES, INC. | § | |
| | § | |
| | § | **ORAL HEARING REQUESTED** |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:10-cv-00139 |
| | § | |
| E4X INC., FIFTYONE, INC., ISHOP, INC. | § | |
| and INTERNATIONAL CHECKOUT, INC. | § | |
| | § | |
| Defendants. | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |

**NOTICE OF MOTION AND MOTION BY DEFENDANT INTERNATIONAL CHECKOUT, INC. TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE, RULE 12(b)(3)**

### TO THE HONORABLE T. JOHN WARD, JUDGE OF THE UNITED STATES DISTRICT COURT:

COME NOW defendant International Checkout, Inc., ("IC") and hereby moves the Court pursuant to Federal Rules of Civil Procedure, Rule 12(b)(3), for an Order dismissing the instant action as to IC on the grounds that the present action is filed in an improper venue. In the alternative, IC moves this court for an Order transferring the instant action to the District of Virginia pursuant to 28 U.S.C. §1404(a) on the grounds that the District of Virginia is a clearly more convenient forum than the Eastern District of Texas. In the second alternative, IC moves this Court for an Order transferring the instant action to the Central District of California

pursuant to 28 U.S.C. §1404(a) on the grounds that the Central District of California is a clearly more convenient forum than the Eastern District of Texas.

Defendant's Motion is based upon this Notice of Motion, the concurrently filed Memorandum of Points and Authorities, the concurrently filed Declaration of Jackson Strobel, upon the files and records of this case and upon such oral and documentary evidence as may be presented at or prior to the hearing of defendants' Motion to Dismiss.

Dated:  August 26, 2010                    Respectfully submitted,

By:____/S/_____
Michael P. Adams
Texas State Bar No. 00872050
Lead Attorney for Defendant,
International Checkout, Inc.

WINSTEAD, P.C.
401 Congress Avenue
Austin, TX 78701
(512) 370-2858
madams@winstead.com

OF COUNSEL:

By:____/S/_____
Patrick A. Fraioli, Jr.
California State Bar No. 191824
pfraioli@ecjlaw.com
Attorney for Defendant, International
Checkout, Inc.

Russell M. Selmont
California State Bar No. 252522
rselmont@ecjlaw.com
Attorney for Defendant, International
Checkout, Inc.

ERVIN COHEN & JESSUP LLP
9401 Wilshire Blvd., 9th Floor
Beverly Hills, CA 90212-2974

(310) 273-6333

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
(MARSHALL DIVISION)

| | | |
|---|---|---|
| DE TECHNOLOGIES, INC. | § | |
| | § | |
| | § | **ORAL HEARING REQUESTED** |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:10-cv-00139 |
| | § | |
| E4X INC., FIFTYONE, INC., ISHOP, INC. | § | |
| and INTERNATIONAL CHECKOUT, INC. | § | |
| | § | |
| Defendants. | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION BY
DEFENDANT INTERNATIONAL CHECKOUT, INC. TO DISMISS PURSUANT TO
FEDERAL RULES OF CIVIL PROCEDURE, RULE 12(b)(3)**

Pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure, Defendant International

Checkout, Inc. ("IC") respectfully moves to dismiss Plaintiff DE Technologies, Inc.'s ("DE")

Complaint for improper venue.  In the alternative,  pursuant to 28 U.S.C. § 1404(a), IC moves for a

transfer of venue to the District of Virginia, as public and private factors make this district a clearly

more convenient forum than the Eastern District of Texas.  In the second alternative, pursuant to 28

U.S.C. § 1404(a), IC moves for a transfer of venue to the Central District of California, as this is also

a clearly more convenient venue than the Eastern District of Texas.  Consequently, good cause exists

and this Court should grant the transfer to one of these venues if it declines to dismiss the case

outright.

## STATEMENT OF THE ISSUES

This lawsuit for patent infringement was brought by DE pursuant to 25 U.S.C. § 1 *et seq.*

*The issues currently presented before this court are:*

1.      Whether DE's Complaint against IC should be dismissed for improper venue pursuant to Fed. R. Civ. P. 12(b)(3), since neither IC nor DE, nor any other party to this action, resides in Texas nor has any regular or established place of business in Texas, and none of the events giving rise to the claim transpired in Texas.

2.      Whether this action should be transferred to the District of Virginia or the Central District of California, pursuant to 28 U.S.C. 1404(a), where the relevant public and private interests all point toward the District of Virginia and/or the Central District of California as being a clearly more convenient forum than the Eastern District of Texas.

## INTRODUCTION

DE's assertion that venue is proper is simply a legal conclusion unsupported by any facts or even any factual allegations.  IC is not a Texas resident, doe not have a regular or established place of business in Texas, and none of the events giving rise to the claim occurred in Texas.  Therefore, any attempt by DE to invoke venue under 28 U.S.C. §§ 1391 and 1400(b) is improper.

Moreover, even if this Court were to determine that venue is not improper, Federal Circuit and Fifth Circuit law require that a district court must grant a motion to transfer venue if the transferee forum is clearly more convenient than the court chosen by the plaintiff.  An analysis of the private and public factors that the Courts consider in evaluating a transfer of venue demonstrates that both the District of Virginia and the Central District of California are clearly more convenient forums than the Eastern District of Texas.  The District of Virginia is especially convenient because plaintiff, its witnesses, and its sources of proof are located there.

DE itself has admitted as much by filing in that court a previous patent infringement action on this very same patent, and the Virginia District Court has already extensively analyzed and expressly ruled on the particular patent claims at issue here.  The Central District of California is particularly convenient because the sources of proof and witnesses of Defendants IC and IShopUSA, Inc. ("ISHOP") are located there, as both companies are headquartered there and have their computer servers housing all their documents located there.  Conversely, no parties, witnesses or sources of proof are located in or have any contacts with this district and this Court has never addressed or analyzed the patent on which this case is predicated.  Therefore, failing to transfer this case would not only create greater hardship for witnesses and decrease the ease of access to sources of proof, but would also fly in the face of judicial economy.

Finally, it is important that this Court not endorse DE's blatant forum shopping.  DE already filed a lawsuit predicated on this same patent in Virginia and that court invalidated many of its claims.  It now seeks a new forum, one that lacks any relation to the claims at issue in this action, in the hopes of obtaining a better, inconsistent result and does so without disclosing its intent to this Court.  This Court should not permit DE to manipulate the Federal courts in such an improper manner.

## VENUE IN THE EASTERN DISTRICT OF TEXAS IS IMPROPER

DE relies on 28 U.S.C. §§ 1391 and 1400(b) to claim venue is proper in the Eastern District of Texas.  However, even a brief review of the relevant facts and statutes reveals this is simply not the case.

### Section 1391 Is Inapplicable

Section 1391(b) provides as follows:[1]

"A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in

(1) a judicial district where any defendant resides, if all defendants reside in the same State,

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or

(3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought."

Here, Section 1391(b)(1) cannot support venue in this case.  Defendants E4X, Inc. ("E4X") and Fiftyone, Inc. ("Fiftyone") both are incorporated in Delaware with a principal place of business in New York.  (See Complaint, ¶¶2-3).  IShop is incorporated and has its principal place of business in California.  (See Complaint, ¶4).  Finally, IC is incorporated in Delaware and has its principal place of business in California.  (Complaint, ¶5) Therefore, all of the defendants do not reside in the same state.

Any reliance on Section 1391(b)(2) is equally misplaced.  Section 1391(b)(2) provides for venue in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred."  However, DE has not even attempted to plead any facts to show that the events giving rise to this action took place in the Eastern District of Texas.  Indeed, DE cannot plead any such facts because none exist.  Simply put, no events or omissions related to the

---

[1] Paragraph 6 of DE's Complaint, which lays out jurisdiction and venue, does not specify what subsection of 28 U.S.C. § 1391 DE relies on to assert venue.  However, as 1391(a) involves actions predicated exclusively on diversity, 1391(d) involves aliens, 1391(e) concerns defendants who are officers or agents of the United States, 1391(f) involves actions against foreign states and 1391(g) involves actions based on an accident where at least 75 people died, are all wholly irrelevant and inapplicable to the present case, IC can only assume DE was referring to the venue provisions of Section 1391(b).

alleged patent infringement occurred in the Eastern District of Texas.  As such, Section 1391(b)(2) cannot establish a basis for venue in this Court as the "events or omissions giving rise to the claim occurred" somewhere other than Texas.

Finally, Section 1391(b)(3) provides for venue in "a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." That Section affirmatively precludes venue in this Court as **no** defendant named in the Complaint is found in the Eastern District of Texas <u>and</u> as there are, in fact, other judicial districts where this action could be brought.  Accordingly, Section 1391(b)(3) cannot provide a basis for venue in this court.

### Section 1400(b) Does Not Allow for Venue in This District

Section 1400(b) provides that, "Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."  Clearly, by Plaintiff's own admissions, this Section fails to establish that this Court is the proper venue for the pending action.  First, no defendant resides within this judicial district.  Plaintiff may not, therefore, rely on the first clause of this Section.  Further, although plaintiff has alleged that IC has committed acts of infringement within this judicial district, they have not even alleged that IC has a "regular and established place of business" within this district.  In fact, DE cannot allege this because IC has no offices, employees or property within the Eastern District of Texas.  See Declaration of Jackson Strobel, ¶2.  No single fact is dispositive to evidence that a business has a "regular and established place of business" to establish venue.  *Gaddis v. Calgon Corp* (1971) 449 F.2d. 1318, 1319.  However, a "regular and established place of business" may be evidenced by a company having employees, offices, sales representatives or inventory located in the District or having the

company's name appear in a phone directory in the District. *Id.* DE has failed to allege and cannot allege any such facts, nor have they or can they provide any other evidence that IC has a "regular and established place of business" in the Eastern District of Texas. Therefore, DE simply cannot satisfy the minimum requirements of 1400(b).

Once a defendant raises a motion to dismiss for improper venue, the burden of sustaining venue lies with the plaintiff. *ATEN Intern Co. Ltd. v. Emine Technology Co., Ltd.* (E.D. Tex. 2009) 261 F.R.D. 112, 120. Therefore, absent even a mere allegation of such a "regular and established place of business," plaintiffs' assertion of proper venue under this Section is defective and must necessarily fail. Since neither Section 1391(b) or 1400(b) are proper grounds for venue in the instant action, this Court should issue an order pursuant to Rule 12(b)(3) dismissing the present action as to defendant IC.

## IN THE ALTERNATIVE, THIS COURT SHOULD TRANSFER THE CASE TO THE DISTRICT OF VIRGINIA OR THE CENTRAL DISTRICT OF CALIFORNIA

Should this Court decline to dismiss this action for improper venue, it should transfer the case to the District of Virginia or the Central District of California, as each is a clearly more convenient forum than the Eastern District of Texas. Under 28 U.S.C. § 1404(a), "[w]hen the movant demonstrates that the transferee venue is clearly more convenient...it has shown good cause and the district court should grant the transfer." *In re Volkswagen of Am., Inc.* 545 F.3d. 304, 315 (5th Cir. 2008) (en banc) (*"Volkswagen II"*); *In re Genentech, Inc.* 566 F.3d. 1338, 1341-1342 (Fed. Cir. 2009). As summarized by the Federal Circuit, "Under Fifth Circuit law, a motion to transfer venue should be granted upon a showing that the transferee venue is 'clearly more convenient' than the venue chosen by the plaintiff." *In re TS Tech USA, Corp.* 551 F.3d. 1315, 1319 (Fed. Cir. 2008).

In assessing whether a defendant has met its burden of demonstrating the need to transfer, the Fifth Circuit applies the "public" and "private" factors for determining *forum non conveniens. Volkswagen II,* 545 F.3d at 314 n. 9; *Genentech.* 566 F.3d. at 1342.  As noted in *TS Tech,* the private interest factors include "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make a trial easy, expeditious and inexpensive." 551 F.3d at 1319 (citing *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 241 n. 6 (1981)). The public interest factors include "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflicts of laws [or in] the application of foreign law." *TS Tech,* 551 F.3d at 1319 (quoting *Volkswagen II,* 545 F.3d at 315) (internal quotation marks omitted).

In the instant case, a variety of private and public factors favor the transfer of this case to the District of Virginia, most notably the fact that that district has already has already analyzed the patent at issue.  Additionally, Plaintiff is headquartered in Virginia, so its servers, sources of fact and witnesses are all likely located there.  The public and private factors also favor a transfer to the Central District of California because two of the Defendants, IC and IShop USA are both headquartered or there and their witnesses, sources of proof and servers are located or likely located there.  Finally, there are no factors that weigh in favor of Texas as being a more convenient forum than either the District of Virginia or the Central District of California.

**Threshold Issue of Jurisdiction**

Before a Court can analyze the public and private factors to determine whether transfer is warranted, it must first address the threshold question of "whether the judicial district to which transfer is sought qualifies under the applicable venue statutes is a judicial district where the civil action 'might have been brought.' *In re Horseshoe Entm't* 337 F.3d. 429, 433 (5th Cir. 2003). DE could unquestionably have brought this case in the Central District of California or the District of Virginia to the full extent that it could have been brought in this District. All district courts have subject matter jurisdiction over cases arising under the patent laws and as no specific infringing activity is alleged to have taken place in this district, whatever findings of personal jurisdiction this court may have found apply to defendants in this district would also necessarily apply to them in the District of Texas or the Central District of California. As such, the threshold question of jurisdiction is satisfied.

### No Deference Should Be Afforded to DE's Choice of Venue

Prior to analyzing the particular private and public factors relevant to evaluating transfer, it should be recognized that a plaintiff's choice of venue is not an independent factor within the 1404(a) analysis, but merely instead places the burden of proof on the defendant seeking transfer. *Volkswagen II,* 545 F.3d. at 314, n.10. Moreover, this Court and others have made it clear that "[t]he usual deference accorded the plaintiff's choice of forum is of minimal value when" – as here – "none of the parties reside in this division of the district." *Rock Bit Int'l, Inc. v. Smith Int'l Inc.* 957 F.Supp. 843, 844 (E.D. Tex. 1997). In cases such as this one, "the Court looks with great scrutiny at the choices of plaintiffs who file where they do not reside." *Lajaunie v. L&M Bo-Truc Rental, Inc.* 261 F.Supp.2d. 751, 755 (S.D. Tex. 2003). As previously mentioned, neither DE nor any of the defendants are incorporated here, have their headquarters here, or reside here, so DE's choice of venue is to be accorded no deference at all.

Compounding DE's error is the fact that the operative facts occurred outside the selected venue. *Volkswagen II,* 545 F.3d. at 312 (noting that there is "nothing that ties this case to the Marshall District except plaintiff's choice of forum") *See also Lindloff v. Schenectady Int'l,* 950 F. Supp. 183, 185 (E.D. Tex. 1996); *Robertson v. Kiamichi R.R. Co., LLC,* 42 F. Supp.2d 651, 656 (E.D. Tex. 1999). In the instant case, DE is headquartered in Virginia and has actually filed and litigated to the brink of trial or through trial patent infringement actions under the same patent in the District of Virginia. It is reasonable to assume that DE's patent applications, servers, files, documents, witnesses and contracts are all also located in Virginia. And as already mentioned, all of Defendants' documents, files, and witness are at their headquarters and sole business locations in either California or New York. DE, after receiving a less than favorable outcome in the District of Virginia, is now here in the Eastern District of Texas seeking a different, inconsistent result. Had DE not had claims 13-17 of the patent at issue invalidated by the Virginia Court and had it won a verdict of infringement by its home district, the District of Virginia, it would not have filed the instant action half way across the country in Texas, where neither it nor any of the defendants resides. Simply put, DE's filing of the instant action in this Court is an egregious example of forum shopping.

### The District of Virginia is a Clearly More Convenient Forum

#### Private Factors

*Relative Ease of Access to Sources of Proof*

Plaintiff DE resides and is headquartered in the District of Virginia. Therefore, it is very likely that all of its prior art research, files, servers, documents and sources of proof may also be found there. Conversely, there is **no** evidence located in the Eastern District of Texas. Courts have explicitly held that the importance of this factor becomes magnified in favoring a transfer to a transferee district where sources of proof may be found when there are no sources of proof located within the transferor district, the exact situation present here. *In Re Nintendo Co., Ltd.* 589 F.3d. 1194, 1198 (Fed. Cir. 2009). Additionally, Defendants E4X and Fiftyone are located in New York, which is relatively close to Virginia, so transferring any documents or other sources of proof to trial is not an unreasonably burdensome or difficult process. However, transferring these same documents and sources of proof to Texas becomes a much more costly and complicated process.

### *Availability of Compulsory Process to Secure the Attendance of Witnesses*

The witnesses in the case are likely to include current and former officers, directors, managers, engineers, marketers and other employees of the parties. Here, every likely party and non-party witness is outside of the Eastern District of Texas's subpoena power under Fed. R. Civ. P. 45(c)(3)(A)(ii) and any trial subpoenas for these witnesses to travel over 100 miles would be subject to motions to quash under Fed. R. Civ. P. 45(c)(3). *See Volkswagen II.* In comparison, the District of Virginia could ensure that all the witnesses seeking to be called by DE could be compelled to testify or be deposed because they are located there. The importance of the District of Virginia's' ability to utilize its power to compel, particularly in light of the fact that this district could not extend that power over any prospective witness, should not be minimized. *See Genentech* at 1345 ("The fact that the transferee venue is a venue with usable subpoena power here weighs in favor of transfer, and not only slightly").

### The Cost of Attendance for Willing Witnesses

The convenience of the witnesses and parties has been described as "probably the single most important factor in transfer analysis." *See Genentech* at 1343, quoting *Neil Bros.* at 329. In *Volkswagen,* the Fifth Circuit noted that "[a]dditional distance [from home] means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time which these fact witnesses must be away from their regular employment." *Genentech* at 1343*,* quoting 545 F.3d at 317 (quotation marks omitted). Because it generally becomes more inconvenient and costly for witnesses to attend trial the further they are away from home, the Fifth Circuit established the "100-mile" rule, which requires that "[w]hen the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *Id.*

As previously discussed, the likely witnesses for each party are the officers and members of its management and technical team.  DE's witnesses will likely offer testimony on the specifics regarding the alleged technology infringement and extensive evidence of damages. Transferring the District of Virginia would therefore necessarily result in one-quarter of the witnesses (DE's in Virginia) being within the 100-mile rule and having a cost of attendance that would be virtually de minimis.  They could drive to court the same way they drive to work and could stay in their own homes each night.

In comparison,  <u>none</u> of the witnesses is located in this District or even within the 100-mile limit.  The cost of attendance for witnesses would be significantly more as a whole by refusing to transfer the case to Virginia specifically becuase Plaintiff is located in the District of Virginia.  Transferring the case would not reallocate the same amount of inconvenience from one

forum to another.  Instead, it would dramatically reduce the inconvenience and cost of the case to

transfer from a venue with no witnesses to Virginia, which has a substantially higher

concentration of witnesses.

Despite whatever DE's considerations where that led to its choice of the Eastern District

of Texas as its desired forum, the analysis of this factor is centered on the undisputable fact that

it will cost less time and money for the plaintiff and its witnesses to attend trial in its home

venue.  *Odom v.Microsoft Corp.* 596 F.Supp.2d. 995, 1002 n. 4.  Similarly, the 100-mile rule

should not be construed to stand for the proposition that requiring the California witnesses to

travel to Virginia instead of traveling to Texas creates extra hardship or inconvenience.  *See*

*Genentech* at 1344.  The centralized location of the Eastern District of Texas is not a factor to be

considered when none of the witnesses are found in that forum.  *Id.* ("the district court

improperly used its central location as a consideration in the absence of witnesses within the

plaintiff's choice of venue.").  Moreover, the transfer does not need to be more convenient for *all*

the witnesses.  *Id.* at 1345 ("We cannot agree with the district court's rigid assessment. Because a

substantial number of material witnesses reside within the transferee venue and the state of

California, and no witnesses reside within the Eastern District of Texas, the district court clearly

erred in not determining this factor to weigh substantially in favor of transfer").  Therefore, this

factor clearly favors transfer to the District of Virginia.

### *Other Practical Problems That Make Trial of a Case Easy, Expeditious and Inexpensive*

This factor very strongly favors transfer to the District of Virginia.  DE has already filed

a lawsuit there related to the very patent at issue here, and that Court has already had a chance to

analyze the patent as well as its claims and construction.  In fact, that Court developed such

familiarity and comprehension of the patent in question that it felt confident to invalidate claims 13-17. In comparison, this Court has no experience analyzing or understanding the nature of this technical patent, and substantial time, cost and resources will necessarily be spent acquiring such knowledge.

In *In Re Volkswagen of America, Inc.* 566 F.3d. 1349, 1351 (Fed. Cir. 2009) ("*Volkswagen III*"), the Federal Circuit held that "the existence of multiple lawsuits involving the same issues is a paramount consideration when determining whether a transfer is in the interest of justice." Moreover, in *Regents of Univ. of Cal. v. Eli Lilly & Co.,* 119 F.3d 1559, 1565 (Fed.Cir.1997), the Court stated that in case "in which several highly technical factual issues are presented and the other relevant factors are in equipoise, the interest of judicial economy may favor transfer to a court that has become familiar with the issues."

The *Eli Lilly* analysis is directly on point with the instant case. The District of Virginia has already invested significant time and resources evaluating and understanding the technical aspects of the patent, and dealing with similar technologies DE previously alleged to be infringing under the same patent. The significant overlap between the cases coupled with the familiarity and expertise the District of Virginia with respect to the patent at issue could preserve time and resources, making transfer directly in the interests of judicial economy.

Courts have stressed the importance of judicial economy and explicitly stated "consideration of the interests of justice, which includes judicial economy, 'may be determinative to a particular transfer motion, even if the convenience of the parties and the witnesses might call for a different result.'" *Id.* (quoting *Coffey v. Van Dorn Iron Works,* 796 F.2d. 217, 220-221 (7th Cir. 1986)). In the instant case, where the convenience of the parties and

the witnesses do favor a transfer, this factor should be considered especially relevant and likely dispositive.

## **Public Factors**

### *Administrative Difficulties Flowing From Court Congestion*

This factor is neutral. It is purely speculative whether a case will come to trial in the District of Virginia faster than in the Eastern District of Texas, and case disposition statistics rarely tell the whole story. *Genentech* at 1347. The Federal Circuit itself has stressed that where several factors favor transfer, as they do here, and others are neutral, then the speed of the transferee court should not alone outweigh all those other factors. *Id.* Thus, even if the case would come to trial quicker in this District (and there is no relevant or non-speculative data which IC is aware of either way) this still does not supersede the various factors favoring transfer delineated above.

### *The Local Interest in Having Localized Interests Decided At Home*

DE has its principal place of business in Virginia and its witnesses and evidence reside there. Additionally, the District of Virginia has already construed claims relating to the exact patent at issue in this action. Therefore, Virginia has a strong local interest in hearing this case.

Conversely, as in *TS Tech,* there is "no relevant connection between the actions giving rise to this case and the Eastern District of Texas." 551 F.3d. at 1321. Similar to *TS Tech,* "not one of the companies has an office in the Eastern District of Texas; no identified witnesses resides within the Eastern District of Texas, and no evidence is located within this venue." *Id.* Moreover, any uses by customers of Defendants' clients in the Eastern District of Texas neither qualifies as a localized interest nor weighs against a transfer. *Id.* ("If the products were sold throughout the United States, as here, then the citizens of the venue chosen by the plaintiff "have

no more or less of a meaningful connection to the case than any other venue." ) *See also*

*Nintendo* at 1198.  Therefore, the Eastern District of Texas, which has no connection to any of

the parties or events giving rise to the infringement claims, has no local interest in adjudicating

this matter.  Thus, this factor heavily favors transfer to the District of Virginia.  Finally, the

Virginia Court has a strong local interest in preventing the blatant forum shopping at issue here

in DE's attempt to circumvent the prior rulings of the Virginia Court.

### The Familiarity of the Forum with the Law that Will Govern the Case

Courts in both venues are familiar with the patent laws.  This factor is neutral.

### The Avoidance of Unnecessary Problems of Conflicts of Laws

Courts in both venues are familiar with the patent laws.  This factor is neutral.

### The Central District of California is a Clearly More Convenient Forum

#### Private Factors

### Relative Ease of Access to Sources of Proof

"In patent infringement cases, the bulk of the relevant evidence usually comes from the

accused infringer. Consequently, the place where the defendant's documents are kept weighs in

favor of transfer to that location." *Genentech*, 566 F.3d. at 1345, quoting *Neil Bros. Ltd. v. World*

*Wide Lines, Inc., 425 F.Supp.2d 325, 329 (E.D.N.Y.2006)* (quotation marks omitted).  This

factor strongly favors transfer to the Central District of California a both defendants IC and

IShopUSA are located in that district, and it is reasonable to assume that all documents and the

servers housing all electronically stored information are located there.  That is certainly the case

with respect to IC, as all of its servers and corporate documents relating to the development,

manufacturing and marketing of the allegedly infringing product are housed at its headquarters in

the Central District of California.  See Declaration of Jackson Strobel, ¶3.

Defendants E4X and Fiftyone, although sued separately, have the same address and are related affiliate companies. Thus, depending how this Court treats the identities of E4X and Fiftyone, anywhere from half to two-thirds of the Defendants' relevant evidence is located in the Central District of California. In comparison, since none of the defendants have any connection to the Eastern District of Texas, no sources of proof are located here. This is a key distinction that helps separate this case from *MHL Tek, LLC v. Nissan Motor Co.* 2009 WL 440627 (E.D. Tex. 2009), in which defendants were in twelve different locations around the world. *Id.* at *4-*5. In determining that the sources of proof did not weigh in favor of transfer, the Court stated "[t]his is not a case where all of the witnesses are concentrated in one part of the country, close to the forum where transfer is sought." *Id.* at *5. Here, unlike in *MHL Tex,* the sources of proof are localized in three distinct areas, California, Virginia and New York, with two defendants in California, plaintiff in Virginia, and E4X and Fiftyone, essentially the same defendant, in New York. And because no parties have any connection to the Eastern District of Texas, just as in *Fifth Generation Computer Corp. v. IBM*, Not Reported in F.Supp.2d. 2009 WL 398783 (E.D. Tex. 2009), there are no sources of proof located anywhere near the Eastern District of Texas. *Id.* at *3-*4.

Additionally, although E4X and Fiftyone's sources of proof are in places remote to *both* the Central District of California and the Eastern District of Texas, this fact does not argue against transfer. *Genentech* at 1346 ("because the documents housed in Europe and Washington, D.C. will need to be transported in any event, it is only slightly more inconvenient or costly to require the transportation of those materials to California than Texas"). This case is different from *Novartis Vaccines & Diagnostics, Inc. v. Hoffman-La Roche, Inc.* Not reported in F.Supp.2d. 2009 WL 3157455 (E.D. Tex. 2009) in which the Court found that this factor

weighed against transfer, because in that case Plaintiff had shown that a significant number of documents were already in the Eastern District of Texas. *Id.* at *3-*4. DE can make no such similar showing here.

Ultimately, there are no sources of proof proximate to the Eastern District of Texas. Nor do advances in copying technology and electronic discovery render this factor superfluous. *See Genentech* at 1346 ("Keeping this case in the Eastern District of Texas will impose a significant and unnecessary burden on the petitioners to transport documents that would not be incurred if the case were to proceed in the Northern District of California."); *See also Volkswagen II*, 545 F.3d. at 316. The Fifth Circuit "reiterated that the sources of proof requirement is a meaningful factor in the analysis." *Id.* With all this taken into consideration, this factor clearly favors transfer to the Central District of California.

### *Availability of Compulsory Process to Secure the Attendance of Witnesses*

The analysis here is substantially the same to that above showing this factor favors transfer to the District of Virginia. Unlike the Eastern District of Texas, which has virtually no true subpoena power over any of the witnesses, the Central District of California would have subpoena power over all of IC's and most likely all of IShopUSA's witnesses since both of those companies are located in that district. See Declaration of Jackson Strobel, ¶4. In essence then, transfer to the Central District of California would ensure compulsory subpoena power over half the witnesses in this trial.[2] Thus, this factor also favors transfer to the Central District of California.

### *The Cost of Attendance for Willing Witnesses*

---

[2] As previously mentioned, Fiftyone and E4X are related entities that are likely to have the same witnesses.

The analysis here is also substantially the same as that above arguing in favor of transfer to the District of Virginia. Transferring the action to the Central District of California would necessarily result in IC's and likely IShopUSA's witnesses being within the 100-mile rule and having a cost of attendance that would be virtually de minimis. None of the witnesses are located anywhere near the Eastern District of Texas, so keeping the action in this Court would significantly drive up the cost of attendance of the witnesses. In effect, transfer to the Central District of California would dramatically reduce the cost for half the witnesses in this trial while keeping the case here would ensure that **every** witness must incur dramatic travel costs.

### *Other Practical Problems That Make Trial of a Case Easy, Expeditious and Inexpensive*

The complete lack of contacts between every party and this district ensures that nothing is made easier, more expeditious or more inexpensive by denying transfer. However, since two of the parties and sources of proof and witnesses are all located within the Central District of California, trial there will necessarily be easier, more convenient, and less expensive than here.

### **Public Factors**

### *Administrative Difficulties Flowing From Court Congestion*

This factor is neutral and as detailed above, even if cases came to trial quicker in the Eastern District of Texas than the Central District of California, this factor is of little weight with all of the other factors favoring transfer.

### *The Local Interest in Having Localized Interests Decided At Home*

Both IC and IShopUSA are headquartered in California, and IShopUSA is incorporated in California. None of the parties are headquartered, incorporated or even have any regular or

established place of business in Texas.  Therefore, California has a significant localized interest in hearing this case while Texas has none.

### The Familiarity of the Forum with the Law that Will Govern the Case

Courts in both venues are familiar with the patent laws.  This factor is neutral.

### The Avoidance of Unnecessary Problems of Conflicts of Laws

Courts in both venues are familiar with the patent laws.  This factor is neutral.

## CONCLUSION

IC, like the rest of the parties in this matter, simply does not have any contact, business or otherwise, with this district, and as such, the Eastern District of Texas is a wholly improper forum to bring this matter.  IC respectfully leaves it to this Court's discretion to determine whether dismissal or transfer is the most appropriate remedy.  If this Court were to favor transfer over dismissal, IC believes that, with all the relevant factors taken into account, the District of Virginia is the most appropriate forum,  particularly because that Court has already expended significant time and resources familiarizing itself with the claims and construction of the patent and technology at issue.  However, IC also recognizes that the majority of the parties, evidence and witnesses are located in the Central District of California, and that if this Court is not inclined to transfer the case to the District of Virginia, IC requests a transfer to the Central District of California.  Therefore, IC requests that this Court dismiss this case for lack of venue pursuant to Fed. R. Civ. P. 12(b)(3) or, in the alternative, transfer this case to the District of Virginia, or in the Second Alternative, transfer this case to the Central District of California.

Dated: August 26, 2010

Respectfully submitted,

By:___/S/_____
Michael P. Adams
Texas State Bar No. 00872050

Lead Attorney for Defendant,
International Checkout, Inc.

WINSTEAD, P.C.
401 Congress Avenue
Austin, TX 78701
(512) 370-2858
madams@winstead.com

OF COUNSEL:

By:＿＿＿/S/＿＿＿＿＿＿＿＿＿＿＿
Patrick A. Fraioli, Jr.
California State Bar No. 191824
pfraioli@ecjlaw.com
Attorney for Defendant, International
Checkout, Inc.

Russell M. Selmont
California State Bar No. 252522
rselmont@ecjlaw.com
Attorney for Defendant, International
Checkout, Inc.

ERVIN COHEN & JESSUP LLP
9401 Wilshire Blvd., 9th Floor
Beverly Hills, CA 90212-2974
(310) 273-6333

## **CERTIFICATE OF CONFERENCE**

In connection with the filing of this Motion in the Alternative, Defendants' counsel has complied with the meet and confer requirement as set forth in Local Rule CV-7(h).  The filing of this Motion is **OPPOSED**.  Specifically, during a phone conversation on or around July 9, 2010 with Stephen Slather, attorney for Plaintiff, counsel for Defendant International Checkout, Inc. advised that International Checkout, Inc. believed the Eastern District of Texas was an improper venue and this action should be dismissed or transferred to the District of Virginia or Central District of California. Mr. Slather replied that they disagreed and would oppose the motion. The participants in the exchanges and discussions were: for International Checkout, Inc., Russell M. Selmont, and for Plaintiff, Steven Slather.  The discussions ended in an impasse, leaving an open issue for the Court to decide.

_____/S/_____
Michael P. Adams

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's ECF system on this 26th day of August, 2010.


_____/S/_____
Michael P. Adams