# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| DE TECHNOLOGIES, INC., <br><br> *Plaintiff*, <br> v. <br><br> E4X INC., FIFTYONE, INC., ISHOPUSA SERVICES, and INTERNATIONAL CHECKOUT, INC., <br><br> *Defendants*. | CIVIL ACTION NO. 2:10-CV-139-TJW |

## MEMORANDUM OPINION AND ORDER

**I.     Introduction**

Before the Court is the motion filed by defendant International Checkout, Inc. ("IC") requesting the Court to dismiss this action under Federal Rule of Civil Procedure 12(b)(3) for improper venue. (Dkt. No. 16.) In the alternative, IC moves this Court to transfer venue to the Western District of Virginia under 28 U.S.C. § 1404(a). (Dkt. No. 16.) In the second alternative, IC moves this Court to transfer venue to the Central District of California. (Dkt. No. 16.) All other defendants in this case have joined the motion by IC.[1] Plaintiff DE Technologies, Inc. ("DE Technologies" or "Plaintiff") opposes all requested relief in IC's motion. (Dkt. No. 24.) The Court, having considered the venue motion and the arguments of counsel, GRANTS the motion to transfer venue for all defendants to the United States District Court for the Western District of Virginia pursuant to 28 U.S.C. § 1404(a). The balance of the private and public factors

---

[1] Defendant IshopUSA Services ("Ishop") joined the motion. (Dkt. No. 23.) All other defendants have settled.

demonstrates that the transferee venue of the Western District of Virginia is "clearly more convenient" than the venue chosen by DE Technologies. *See In re Volkswagen of Am., Inc.* ("*Volkswagen III*"), 566 F.3d 1349 (Fed. Cir. 2009); *In re Genentech, Inc.*, 566 F.3d 1338 (Fed. Cir. 2009); *In re TS Tech USA Corp.*, 551 F.3d 1315 (Fed. Cir. 2008); *In re Volkswagen of Am., Inc.* ("*Volkswagen II*"), 545 F.3d 304 (5th Cir. 2008) (en banc). The Court further DENIES all other requested relief in IC's motion.

## II.   Factual and Procedural Background

Plaintiff DE Technologies is a Delaware corporation with a place of business in Blacksburg, Virginia, which is within the Western District of Virginia. (Dkt. No. 1, at 1.) Defendant IC is a Delaware corporation with its principal place of business in Van Nuys, California. (*Id.* at 2.) Defendant Ishop is a California corporation with a principal place of business in El Segundo, California. (*Id.*) DE Technologies brought this suit for patent infringement against the defendants and it asserts U.S. Patent No. 6,460,020 (the '020 Patent). Defendants have brought this motion to dismiss for improper venue, or in the alternative to transfer to the Western District of Virginia, or in the alternative transfer to the Central District of California.

## III.   Analysis

### A.   Applicable Law Regarding Improper Venue and Motions to Transfer

A court may dismiss a civil action under Federal Rule of Civil Procedure 12(b)(3) for improper venue. "Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). "Venue in a patent action

against a corporate defendant exists wherever there is personal jurisdiction." *Trintec Industries, Inc. v. Pedre Promotional Products, Inc.*, 395 F.3d 1275, 1280 (Fed. Cir. 2005).

"For the convenience of parties, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The Fifth and Federal Circuits have enunciated the standard to be used in deciding motions to transfer venue. *See Volkswagen III*, 566 F.3d 1349; *In re Genentech.*, 566 F.3d 1338; *In re TS Tech USA Corp.*, 551 F.3d 1315 (applying the Fifth Circuit's en banc *Volkswagen II* decision to rulings on transfer motions out of this Circuit); *Volkswagen II*, 545 F.3d 304. The moving party must show "good cause," and this burden is satisfied "when the movant demonstrates that the transferee venue is clearly more convenient." *Volkswagen II*, 545 F.3d at 314.

The initial threshold question for the venue transfer analysis is whether the suit could have been brought in the proposed transferee district. *In re Volkswagen AG* ("*Volkswagen I*"), 371 F.3d 201, 203 (5th Cir. 2004). If the transferee district is a proper venue, then the court must weigh the relative conveniences of the current district against the transferee district. In making the convenience determination, the Fifth Circuit considers several private and public interest factors, none of which are given dispositive weight. *Id.* "The private interest factors are: '(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive.'" *Volkswagen II*, 545 F.3d at 315 (quoting *Volkswagen I*, 371 F.3d at 203). "The public interest factors are: '(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized

[disputes] decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [in] the application of foreign law.'" *Id.* (quoting *Volkswagen I*, 371 F.3d at 203).

**B. Proper Venue**

The Court concludes that venue is proper in the Eastern District of Texas, so Defendants' Rule 12(b)(3) argument that venue is improper in the Eastern District of Texas is without merit. "Venue in a patent action against a corporate defendant exists wherever there is personal jurisdiction." *Trintec*, 395 F.3d at 1280. Personal jurisdiction, and thus venue, is appropriate in the Eastern District of Texas if patent infringement occurs in the Eastern District of Texas by the production, use, sale, or offer for sale of the defendants' accused products or systems in the district. *AdvanceMe, Inc. v. Rapidpay LLC*, 450 F. Supp. 2d 669, 673 (E.D. Tex. 2006). Defendants admit that they sell and use the allegedly infringing systems in this district. (*See* Def's Reply Br. at 11 ("Defendants, and IC in particular, make, sell and use the allegedly infringing systems in the other districts to the same extent they do here [in the Eastern District of Texas] . . . .").) Further, the defendants have not established that the exercise of jurisdiction over them would offend traditional notions of fair play and substantial justice. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-477 (1985). Therefore, venue is proper in the Eastern District of Texas.

Additionally, for a motion to transfer venue, the threshold "determination to be made is whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed" in the first place. *Volkswagon I*, 371 F.3d at 203. For the same reasons as above, the Court concludes that venue would also be proper in the Western District of

Virginia and the Central District of California. As indicated above, Defendants also sell and use the allegedly infringing systems in the Western District of Virginia and the Central District of California. Further, Plaintiff does not contest whether venue would be proper in these districts if the lawsuit had originally been filed there; instead, Plaintiff contests whether the transfer to those districts would be proper. Therefore, the threshold determination of whether venue would be proper in either transferee venue is met.

### C. Sufficiency of Proof in a Motion to Transfer Venue

Before proceeding into the private and public interest factors, the Court finds it appropriate to discuss the issue of sufficiency of proof in a motion to transfer venue, as it is an issue in this case. As noted above, the movant in a motion to transfer venue—the defendants here—have the burden of proof. *Volkswagen II*, 545 F.3d at 314. "Defendants seeking a transfer cannot carry their burden by merely making unsupported assertions, but rather they must properly establish relevant venue facts by affidavit, deposition or otherwise." *In re Triton Ltd. Securities Litig.*, 70 F. Supp. 2d 678, 688 (E.D. Tex. 1999) (Folsom J.). It is not sufficient to merely make bald assertions or unqualified assumptions in the attorney's briefs. *See id.*

Defendants IC and Ishop provide little in terms of proof for their motion to transfer venue. Instead, Defendants ask the Court to make assumptions, and the Court will not do so. Many of the assumptions arise from the fact that DE Technologies admittedly has a place of business in the Western District of Virginia. From this undisputed fact, for example, when making an argument regarding the "relative ease of access to sources of proof" factor, IC states that "it is very likely that all of [DE Technologies'] prior art research, files, servers, documents and sources of proof may also be found there." (Dkt. No. 16, at 13.) IC, however, provides no proof. Additionally, for

5

the "compulsory process" factor, IC states "the District of Virginia could ensure that all the witnesses seeking to be called by DE could be compelled to testify or be deposed because they are all located there." (*Id.*) Again, however, IC provides no proof to identify who these witnesses are. Without providing proof, IC also says that "DE has its principal place of business in Virginia and its witnesses and evidence reside there." (Dkt. No. 16, at 17.) Meanwhile, according to the declaration filed by DE Technologies, the only potential witness DE Technologies has identified resides in Canada. (Pool Decl., Dkt. No. 24.) The Court will not accept the defendants' unsupported assertions and assumptions.

Therefore, the Court proceeds in its analysis with little proof from the movants to support their motion. Based on the declarations and other exhibits filed by the parties, the Court relies on the following facts that are either undisputed or clearly shown in the record: (1) none of the parties, witnesses, or other sources of proof are located in Texas;[2] (2) both defendants, including the overwhelming majority of their sources of proof and potential witnesses, are located in California; (3) DE Technologies has a place of business within the Western District of Virginia where it has previously had substantial business operations;[3] (4) DE Technologies has conceded there are at least some sources of proof in the Western District of Virginia;[4] and (5) DE Technologies had a

---

[2] Plaintiff claims it has sources of proof at its counsel's offices in Houston, Texas, which is within Texas and close to the Eastern District of Texas. The Federal Circuit, however, has criticized district courts for considering the location of such documents that have been transferred in anticipation of litigation. *In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1337 (Fed. Cir. 2009).

[3] The Defendants have provided the Court with a docket sheet from the case in the Western District of Virginia. (Dkt. No. 25-1.) The Court has scanned that docket and observed that when seeking to establish jurisdiction in its previous case in the Western District of Virginia, in the Complaint in that case DE Technologies stated that "DE Technologies developed its patented technology and has a place of business in [the Western District of Virginia]." *See DE Tech. v. Dell, Inc.*, 7:04-cv-628-GEC-PMS, Dkt. No. 1, at *2 (W.D. Virg. Oct. 27, 2004).

[4] DE Technologies admits that it has at least some sources of proof in the Western District of

prior patent infringement suit in the Western District of Virginia involving the same patent where that court performed a claim construction, issued two partial summary judgment orders, and issued multiple other orders.[5]

### D. Analysis of Private Interest Factors with Western District of Virginia Forum

#### 1. *Relative Ease of Access to Sources of Proof*

The relative ease of access to sources of proof is the first factor to consider. "That access to some sources of proof presents a lesser inconvenience now than it might have absent recent developments does not render this factor superfluous." *Volkswagen II*, 545 F.3d at 316. Defendants IC and Ishop have their sources of proof at their offices in California. Plaintiff, however, has a place of business in the Western District of Virginia. Although Plaintiff deemphasizes the amount of documents and other sources of proof that are at its offices in the Western District of Virginia, there are at least some documents there. But there are no documents or sources of proof in the Eastern District of Texas. Although it is clear there are no sources of proof in or closer to the Eastern District of Texas besides those in California, there are at least some sources of proof in the Western District of Virginia. This factor only slightly favors transfer to the Western District of Virginia, however, because it has only been proven that a small amount of sources of proof are located in the Western District of Virginia.

#### 2. *Availability of Compulsory Process*

The next private interest factor is the availability of compulsory process to secure the attendance of non-party witnesses. Rule 45(c)(3)(A)(ii) limits the Court's subpoena power by

---

Virginia when it states that "*substantially* all of DE Tech's documents and witnesses reside outside the Western District of Virginia . . . ." (Dkt. No. 27, at 4 (emphasis added).)
[5] (*See* Dkt. No. 25-1 (listing the docket sheet and showing the orders).)

protecting non-party witnesses who work or reside more than 100 miles from the courthouse. *Volkswagen II*, 545 F.3d at 316. Neither party has identified any non-party witnesses residing within 100 miles of the courthouse in either district. Therefore, this factor is neutral.

3. *Cost of Attendance for Willing Witnesses*

Next, the Court must weigh the cost for witnesses to travel and attend trial in the Eastern District of Texas versus the Western District of Virginia. The Fifth Circuit has explained:

> [T]he factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled. Additional distance means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time which these fact witnesses must be away from their regular employment.

*Volkswagen I*, 371 F.3d at 205. The Court must consider the convenience of both the party and non-party witnesses. *See id.* at 204 (requiring courts to "contemplate consideration of the parties and witnesses"); *Fujitsu Ltd. v. Tellabs, Inc.*, 639 F. Supp. 2d. 761, 765-66 (E.D. Tex. 2009).

The only witness identified for DE Technologies is its president and the named inventor of the patent-in-suit, who resides in Quebec, Canada. (Pool Decl., Dkt. No. 24.) The defendants have identified their potential witnesses which reside in California. This factor is neutral.

4. *Other Practical Problems*

Practical problems include issues of judicial economy. *Volkswagen III*, 566 F.3d 1349, 1351 (Fed. Cir. 2009). Judicial economy weighs against transfer when the Court already has familiarity with the case's factual issues. *Id.* Likewise, judicial economy would weigh in favor of transfer when the transferee court has familiarity of the issues. Judge Conrad in the Western District of Virginia has already presided over a substantially similar patent infringement lawsuit. *See DE Tech. v. Dell, Inc.*, 7:04-cv-628-GEC-PMS (W.D. Virg.). That case involved the same

patent that is asserted in this case. The Western District of Virginia court in that case entered a claim construction order, a partial summary judgment order finding certain claims invalid, and another partial summary judgment order related to infringement. (*See* Dkt. No. 24, Ex. B.) Although the case apparently settled after the Virginia court issued those orders, the Western District of Virginia undoubtedly gained substantial familiarity with the case and with issues that will be material to this case. On the other hand, this Court has yet to even issue a docket control order or discovery order in this case. This factor, therefore, strongly weighs in favor of transfer to the Western District of Virginia.

### D. Analysis of Public Interest Factors with Western District of Virginia Forum

#### 1. *Court Congestion*

The Court may consider how quickly a case will come to trial and be resolved. *In re Genentech*, 566 F.3d at 1347. This factor is the "most speculative," however, and in situations where "several relevant factors weigh in favor of transfer and others are neutral, the speed of the transferee district court should not alone outweigh all of the other factors." *Id.* Given the speculative nature of this factor, the parties agree this factor is neutral, and the Court agrees.

#### 2. *Local Interest*

The Court must consider local interest in the litigation, because "[j]ury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation." *Volkswagen I*, 371 F.3d at 206 (5th Cir. 2004). Interests that "could apply virtually to any judicial district or division in the United States," such as the nationwide sale of infringing products, are disregarded in favor of particularized local interests. *Volkswagen II*, 545 F.3d at 318; *In re TS Tech*, 551 F.3d at 1321.

9

Neither party has provided any proof that the Eastern District of Texas would have any local interest in this case. Although DE Technologies now wishes to minimize the local interest in the Western District of Virginia, in its previous patent infringement suit in the Western District of Virginia, DE Technologies stated that "DE Technologies developed its patented technology and has a place of business in [the Western District of Virginia]." *See DE Tech. v. Dell, Inc.*, 7:04-cv-628-GEC-PMS, Dkt. No. 1, at *2 (W.D. Virg. Oct. 27, 2004). Therefore, the Western District of Virginia has a local interest because the plaintiff has a place of business there and developed the technology there. This factor favors transfer.

### 3. *Familiarity with the Governing Law*

One of the public interest factors is "the familiarity of the forum with the law that will govern the case." *Volkswagen I*, 371 F.3d at 203. Both the Western District of Virginia and the Eastern District of Texas are equally capable of applying patent law to infringement claims; therefore, this factor is neutral. *See In re TS Tech*, 551 F.3d at 1320.

### 4. *Avoidance of Conflict of Laws*

No conflict of laws issues are expected in this case, so this factor does not apply.

### E. **Central District of California Forum**

Because the Court decides this case should be transferred to the Western District of Virginia, it is not reaching the defendants' alternative argument that this case should be transferred to the Central District of California.

## IV. **Conclusion**

This Court recognizes the "significant burden" on a movant in a motion to transfer venue. Indeed, as stated in *Texas Data*, "[t]he Fifth Circuit in *Volkswagen II* recognized this "significant

burden" and issued a writ of mandamus to transfer only after it found that four of the eight *Gilbert* factors weighed in favor of transfer and no factors weighed against transfer." *Texas Data Co., L.L.C. v. Target Brands, Inc.*, Civ. No. 2:10-cv-269-TJW, --- F. Supp. 2d ----, 2011 WL 98283, at *14 (E.D. Tex. Jan. 12, 2011) (J. Ward). As the Court indicated above, the movants in this motion to transfer venue provided little proof to support their assertions in their motions. Nevertheless, the Court cannot ignore three undisputed facts: (1) there has essentially been no showing of any connection with the Eastern District of Texas; (2) the Western District of Virginia already has significant experience with the plaintiff and the patent-in-suit because of a prior lawsuit; and (3) the plaintiff has a place of business in the Western District of Virginia. Based mainly on these facts, the Court found that the judicial economy factor strongly favors transfer, the local interest factor favors transfer, and the ease of access to sources of proof factor slightly favors transfer. No factors weigh against transfer and all other factors are neutral. Therefore, the defendant has met its burden of showing that the Western District of Virginia is "clearly more convenient" than the Eastern District of Texas. *See Volkswagen II*, 545 F.3d at 315. Defendants' motion to transfer venue to the Western District of Virginia is GRANTED. The Court further DENIES all other requested relief in Defendants' motion.

It is so ORDERED.

SIGNED this 24th day of March, 2011.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE